Nott, J.,
delivered the opinion of the court:
The decree which was rendered by the United States dircuit court in Tennessee was not a result of litigation, but the fruit of agreement and compromise. Theparties litigant virtually went before the court, as contracting parties in European countries go before a notary, and made a declaration of what they had agreed upon, and that declaration was embodied in the form of a decree entered by consent.
When a decree is properly an adjudication, “ it is a settled rule that it must conform to the allegations in the 'pleadings as well as the proofs in the case.” (Crocket v. Lee, 7 Wheaton R., 522.) Hence, when construing such a decree, the generality of its terms must be restrained to the matters set up in the pleadings. So when adverse parties voluntarily enter into an agreement of accord, the instrument ordinarily will be construed as settling only the, matter which was in controversy. But it is within the power of the disputants to settle all differences existing between them ; and it is the policy of the law that a settlement of things which might have been settled and ought to have been settled 'shall have full effect given to it, and close the doors of litigation to the contending parties.
In the present case we find, from an inspection of the pleadings, that the claimant’s cause of action was not a subject of litigation in the former suit, and that moreover it was not a subject of- correspondence, nor an item of negotiation when the settlement was a matter of discussion. So far these facts are favorable to the claimant. But we also find, from an inspection of the decree, that the parties went outside of the allegata -and brought into the settlement various things not subjects of litigation, and, among others, “ services rendered by the defendant,” (the claimant here,)' “ to and for the use of 'the complainants,” (the defendants here,) “for mail service;” and we find that this “ mail service ” thus brought into the settlement was without specification or limitation, save that it was rendered “prior to-the 1st day of June, 1871; ” and we find, moreover, that the balance of $1,000,000 found to be “ due from the defendant to the United States on the 1st day of June, 1871, for and on account of the claim set forth in the bill of complaint” was struck “ after allowing all credits thereon for services rendered *480 by the defendant, to and for the nse of the complainant for mail service, or military transportation, or any other account prior to the day last aforesaid.”. Neither party may have thought of this old ante bellum claim, yet both may have intended that all demands should be merged in the accord of the decree, those of the past as well as those of the present, those forgotten as well as those remembered. The complainants were seeking to enforce their demands as a matter of right, and the defendant brought into court and tendered, by way of compromise, first, all of its cross-demands against the complainant existing on the day of settlement, including “mail service”; secondly, $1,000,000 of interest-bearing securities. Those being the conditions and circumstances of the settlement, it is impossible for this court to infer that the defendant intended to carve out of the mass of its surrendered cross-demands and reserve to itself for future litigation one little non-interest-bearing claim, in kind, mail service, in time, prior to “ the 1st day of June, 1871.” Such a demand ought to have been included in the settlement, and it is the opinion of the court that it was.
The judgment of the court is that the petition be dismissed.